# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**PHILIPPE AJAVON,**

       **Plaintiff,**                       **CIVIL ACTION NO. 06-CV-13476-DT**

vs.

                                    **DISTRICT JUDGE PAUL D. BORMAN**

**FORD MOTOR CO.,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendant on March 20, 2007 (docket no. 7) be **GRANTED**.

This Court further recommends that Plaintiff's Motion for Order of a Relief Award filed on April 3, 2007 (docket no. 11) be **DENIED.**

**II.**     **REPORT:**

    *A.*     *Facts and Procedural History*

Plaintiff, proceeding *pro se*, brought this action against his former employer claiming that he was wrongfully terminated on August 1, 2003 based on his race (African American), national origin (Africa), and in retaliation for a discrimination complaint he had filed against Delphi, his employer before Defendant. (Docket no. 1). Plaintiff began working for Defendant in October 2002. He raises claims under Title VII of the Civil Rights Act of 1964 and under the Michigan Elliott-Larsen Civil Rights Act.

Defendant filed a Motion to Dismiss in lieu of Answer. (Docket no. 7). It argues that Plaintiff's Complaint fails to state a claim for relief because the claims are barred by the applicable statutes of limitation under federal and state law. Defendant also contends that Plaintiff failed to timely serve the

Summons and Complaint and that dismissal is appropriate under Fed. R. Civ. P. 4(m). Plaintiff opposes Defendant's motion. (Docket no. 14). Defendant's motion has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 8).

Plaintiff filed a Motion for Order of a Relief Award in which he seeks entry of judgment in his favor. (Docket no. 11). Defendant opposes that motion. (Docket no. 17). Plaintiff's motion has also been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 12). The Court heard oral argument from Plaintiff and Defendant's counsel on May 30, 2007. These matters are now ready for ruling.

Plaintiff's employment was terminated by Defendant on August 1, 2003. (Docket no. 1 at 1). Plaintiff filed his charge of discrimination with the EEOC on July 27, 2006. (*Id.*) Plaintiff received a Notice of Right to Sue from the EEOC dated July 27, 2006. (*Id.* at 3). The Notice is marked to reflect that the EEOC closed its file because Plaintiff's charge was not timely filed. (*Id.*). Plaintiff filed his Complaint on August 2, 2006. (*Id.* at 2). Plaintiff argues that his filing with the EEOC was timely because (1) he filed his Complaint within 90 days of receiving his Notice of Rights letter from the EEOC; (2) he had contacted the FBI which purportedly agreed to assist him with his employment issues and told him not to file with the EEOC; and (3) he sought the advice of numerous attorneys who took his documents and disappeared. (Docket no. 14). Plaintiff also claims that he "contacted the court" on July 27, 2006 for the filing of his claim. The court allegedly requested his Right to Sue letter from the EEOC. (*Id.* at 13). Plaintiff says that he then went to the Michigan Department of Civil Rights, the state agency acting on behalf of the EEOC, on the same day and filed his charge of discrimination. (*Id.* at 4). He states that he received the letter on August 2, 2006 and filed his Complaint on that day. (*Id.* at 13). Plaintiff also states that there was some confusion between the court and himself regarding the

responsibility for service of process. (*Id.* at 9). He says that once he became aware that he was responsible for effecting service, he did so expeditiously. (*Id.*).

B. *Standard of Review*

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

C. *Defendant's Motion to Dismiss*

1. *Title VII*

Under Title VII, Plaintiff must have filed his discrimination charge with the EEOC, through the state civil rights agency, within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Dendinger v. Ohio BCI & I*, 207 Fed. App'x 521, 525-26 (6th Cir. 2006). Failure to do so precludes relief. *Dendinger*, 207 Fed. App'x at 525-26.

Plaintiff states in his Complaint that the alleged discriminatory act, his discharge, occurred on August 1, 2003. It is also undisputed that he filed his charge of discrimination with the EEOC through the Michigan Department of Civil Rights on July 27, 2006, which is well beyond the 300-day statute of limitation period. Therefore, his Title VII claims are barred by the statute of limitation unless the running of the period was tolled.

Plaintiff claims that tolling of the limitation period is appropriate. (Docket no. 14 at 15). The appropriate factors for the Court to consider in deciding whether to toll the limitation period are whether Plaintiff was unaware of the filing requirement, his diligence in pursuing his rights, the absence of prejudice to Defendant, and Plaintiff's reasonableness in remaining unaware of the filing requirement.

*Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007).  Equitable tolling is to be applied only sparingly. (*Id.*). Plaintiff does not claim that he was unaware of the filing requirement.  He makes only vague and conclusory allegations that he tried to hire attorneys to help him and received advice from the FBI regarding his employment issues.  The Court is unable to conclude that Plaintiff has shown diligence in pursuing his rights based on these allegations.  Plaintiff allowed almost three years to elapse between the time Defendant terminated his employment and the time he filed his charge of discrimination with the EEOC.  He has failed to show that tolling is warranted for such a long period of time.

Accordingly, Plaintiff's claim of wrongful discharge under Title VII should be dismissed for failure to state a claim upon which relief may be granted.  The Court declines to recommend dismissal under Fed. R. Civ. P. 4(m).  Dismissal under that rule is without prejudice.  The recommended dismissal for failure to state a claim for relief therefore takes precedence over dismissal under that rule.  In addition, service has now been made.  The Court therefore does not recommend dismissal under Rule 4(m).

### 2. *Elliott-Larsen Civil Rights Act*

Plaintiff's Complaint states that this action is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination. (Docket no. 1 at 1).  The only mention of a claim under state law is the reference in paragraph 11 where Plaintiff states that "[i]f relief is not granted, I will be irreparably denied rights secured by Title VII of the Civil Rights Act of 1964 and/or the Elliot-Larsen Civil Rights Act." (Docket no. 1 at 2).  Because Plaintiff is proceeding *pro se*, the Court will liberally construe his Complaint and consider his claim under state law.

The statute of limitation for a claim under the Elliott-Larsen Civil Rights Act (Mich. Comp. Laws § 37.2101 *et seq.*) is three years.  Mich. Comp. Laws § 600.5805(10); *Parker v. Cadillac Gage Textron, Inc.*, 542 N.W.2d 365 (Mich. Ct. App. 1995).  The limitation period begins to run on the date of

discharge. (*Id.*) The filing of Plaintiff's Complaint in court, and not administrative proceedings before the EEOC, tolls the running of the period. *Mair v. Consumers Power Co.*, 348 N.W.2d 256 (Mich. 1984). Again, it is undisputed that Plaintiff filed his Complaint on August 2, 2006. His claim accrued when he was terminated on August 1, 2003. His limitation period expired on August 1, 2006. *See Parker*, 542 N.W.2d 365 (calculating three-year period beginning on January 4, 1991 (the last day worked) as ending on January 4, 1994). Plaintiff therefore filed his Complaint one day late under the Elliott-Larsen Civil Rights Act.

The Michigan Supreme Court has warned against tolling limitation periods even though a litigant has suffered a serious wrong and has been denied his day in court. *Garg v. Macomb Co. Cmty Mental Health Servs.*, 696 N.W.2d 646, 659 n.12 (Mich. 2005). The court cited the costs in undermining the clarity of the law, of allowing stale complaints to proceed, and of injecting uncertainty into legal relationships. (*Id.*). The Michigan Court of Appeals has stated that equitable or judicial tolling is generally unavailable absent statutory language allowing it. *Briggs Tax Serv., L.L.C. v. Detroit Public Schs.*, 2007 WL 750338 (Mich. App. Mar. 13, 2007). Because there is no statutory basis for tolling in this case, equitable or judicial tolling is not appropriate under state law.

Even if equitable tolling is possible under state law, this case is not appropriate for its application. Plaintiff's claims that the limitation period should be tolled because he was attempting to hire attorneys or because of his FBI contacts should be rejected for the reasons stated above. His claim that he "contacted" this Court on July 27, 2006 regarding the filing of his Complaint was not relevant to the Title VII claim because by that time his 300-day limitation period under that law had expired. However, his three-year limitation period had not expired on July 27, 2006. Plaintiff's description of this "contact" is not detailed. He alleges that the Court "requested" his right-to-sue letter from the EEOC before he could file his claim. (Docket no. 14 at 8). He then states that he filed his claim with

the EEOC on the same day. Plaintiff does not allege that the Court refused to accept his filing without the letter, or that he specifically stated that he wished to file his state law claim even if he could not file his Title VII claim without the letter from the EEOC. Finally, it is not clear how this Court would have had jurisdiction over his state law claim absent his Title VII claims. Therefore, even assuming that he could have filed an action in state court under the state law without administrative exhaustion, the circumstances surrounding his possible attempt to file such a claim in this Court do not warrant the application of equitable tolling. Plaintiff's state law claim should therefore also be dismissed.

D. *Plaintiff's Motion for an Order of a Relief Award*

Plaintiff by this motion seeks an order compensating him for his damages as a result of his allegations. (Docket no. 11 at 2). He also seeks an order awarding him interest, punitive damages, and other relief. (*Id.*). His motion therefore must be a motion for summary judgment pursuant to Fed. R. Civ. P. 56. However, discovery in this action is not complete. Plaintiff's motion is therefore premature. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, under Rule 56 Plaintiff has the burden of informing the Court of the basis for his motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file which demonstrate the absence of a genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law. (*Id.* at 322-23). Plaintiff has not done so and, for the reasons discussed above, cannot do so. Plaintiff's motion for an Order of a Relief Award should therefore be denied.

III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 31, 2007                  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Philippe Ajavon and Counsel of record on this date.

Dated: June 01, 2007                  s/ Lisa C. Bartlett
Courtroom Deputy