UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIPPE AJAVON,

          Plaintiff,

                                   CASE NO: 06-CV-13476

-vs-

                                   PAUL D. BORMAN

FORD MOTOR COMPANY,           UNITED STATES DISTRICT JUDGE

          Defendant.

_____ /

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Now before the Court is Plaintiff Philippe Ajavon's September 10, 2007, Re-appeal to Revisit the Captioned Case Due the Latest Evidence Received. (Doc. No. 23). The Court construes Plaintiff's motion as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] Having considered the entire record, and for the reasons that follow, the Court DENIES Plaintiff's Motion for Relief from Judgment.

On May 31, 2007, the Magistrate Judge issued a Report and Recommendation granting Defendant's Motion to Dismiss finding Plaintiff's claims to be time barred and holding Plaintiff was not entitled to equitable tolling. On June 11, 2007, Plaintiff filed his objections to the Report and Recommendation, this Court considered Plaintiff's objections, but rejected them and adopted the Magistrate Judge's Report and Recommendation. *Ajavon v. Ford Motor Co.*, No. 06-13476, 2007 WL 2109559 (July 23, 2007) (unpublished). Plaintiff then filed this Motion for Relief from Judgment on September 10, 2007, claiming he had recently discovered new evidence.

---

[1] The Court notes Plaintiff's Motion cannot be construed as a Motion to Alter or Amend under Rule 59(e) because it was filed more than ten days after the judgment was issued.

Pursuant to Federal Rule of Civil Procedure 60(b)(2), a court may relieve a party from a final judgment when presented with "newly discovered evidence which by due diligence could not have been discovered in time to move for a time to move for a new trial under Rule 59(e)."

In the present action, Plaintiff submits to this court that he had previously requested his personnel file from Defendant but it had not been produced until September 7, 2007. (Plf. Br. at 1). Plaintiff contends the personnel file evidences that his actual date of termination was August 2, 2007, not August 1, 2007, as Plaintiff previously represented to the Court. (*See* Compl. ¶ 5). Plaintiff avers that the Court should reconsider its previous Order dismissing his action as time barred under Michigan's Elliot-Larsen Civil Rights Act because he has produced newly discovered evidence that the Court relied on an incorrect discharge date.[2]

Upon review of Plaintiff's Complaint, the Court finds this assertion is false. Plaintiff states, in his voluminous attachments to his Complaint, "Personnel file received from Ford Motor Company Human Resources after two weeks of my discharge. The personnel filed didn't have the reason for my discharge as alleged by my management and mentioned to me by HR on the phone." (Plf. Br. at 22). Plaintiff also attached the personnel file to his Complaint including a page which shows his effective termination date to be August 2, 2007. (*Id*. at 34). In light of these facts, the Court finds Plaintiff's submitted evidence is not "newly discovered" under Rule 60(b)(2).[3]

---

[2] It is clear that Plaintiff's federal claims under Title VII are time barred regardless of whether his discharge date was August 1 or August 2, 2003. Therefore, the Court only examines Plaintiff's Motion in respect to his claim under Michigan's Elliot-Larsen Act which has a statute of limitations of three years pursuant to Mich. Comp. Laws § 600.5805(9). *See Mair v. Consumers Power Co*., 419 Mich. 74, 77 (1984).

[3] Further, the Court notes that Plaintiff's argument also would fail on its merits. Plaintiff's last day of work was August 1, 2003. The Michigan Court of Appeals has held that "a claim of discriminatory discharge accrues on the date the plaintiff is discharged. The last day

2

Therefore, the Court **DENIES** Plaintiff's Motion for Reconsideration (Doc. No. 23).

**SO ORDERED**.

           s/Paul D. Borman
           PAUL D. BORMAN
           UNITED STATES DISTRICT JUDGE

Dated: November 20, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 20, 2007.

           s/Denise Goodine
           Case Manager

---

worked is the date of discharge." *Parker v. Cadillac Gage Textron*, 214 Mich. App. 288, 290 (1995) (internal quotations and citations omitted). Plaintiff's last day of work, August 1, 2007, was the day he was discharged. (*See* Compl. ¶ 5). In *Parker*, the Michigan Court of Appeals found that a claim was time barred under the Elliot-Larsen Act despite the fact that the internal records of the defendant showed a later "effective" date of separation. 214 Mich. App. at 290. In the present case, Plaintiff's new evidence only shows that Plaintiff's termination became "effective" the day after his discharge. Therefore, even if the Court were to consider his evidence under Rule 60(b), Plaintiff's date of discharge remains unchanged and his claim time barred.