**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PHILIPPE AJAVON,

                Plaintiff,

                              CASE NO: 06-CV-13476

-vs-

                              PAUL D. BORMAN

FORD MOTOR COMPANY,           UNITED STATES DISTRICT JUDGE

                Defendant.

_____ /

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Philippe Ajavon's Motion for Reconsideration of the Court's November 20, 2007 Opinion and Order denying Plaintiff's Motion for Relief from Judgment. (Doc. No. 28).

On May 31, 2007, the Magistrate Judge issued a Report and Recommendation ("Report") in favor of granting Defendant Ford Motor Company's Motion to Dismiss and denying Plaintiff's Motion for Order of Relief Award. (Doc. No. 19). On June 11, 2007, Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation. The Court adopted the Report and denied Plaintiff's objections on July 23, 2007. On September 10, 2007, Plaintiff filed a motion entitled, "re-appeal to revisit the captioned case due to latest evidence received." (Doc. No. 23). The Court construed this as a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) and denied Plaintiff's Motion for the reason that the evidence was clearly not newly discovered. (Doc. No. 27).

As Plaintiff now seeks for this Court to reconsider its decision the Court construes this the Motion as one for Reconsideration of the Court's denial of Plaintiff's Motion for Relief. Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and

states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

In the instant case, the Court finds no palpable error in its Opinion and Order denying Plaintiff's Motion for Relief. Despite Plaintiff's contention that he did not receive his personnel file until September 7, 2007, his own notes in the Exhibit to his Complaint contradict this assertion. (Compl. at 22). Plaintiff appears to argue his evidence constitutes "newly discovered evidence" pursuant to Rule 60(b)(2). However, Plaintiff readily admits in his Second Motion for Reconsideration, Plaintiff "agrees with the Court that the new evidence which he presented is nothing new." (Plf. Br. at 4).

To the extent Plaintiff appears to argue that his ignorance as to the contents of the personnel file are excusable neglect, the Court disagrees. Plaintiff was in possession of the personnel file from the date of filing. Further, his own notes indicate he had reviewed the file before filing his action. (Compl. at 22). Therefore, the Court finds this evidence is not "newly discovered" within the meaning of Rule 60(b)(2).

Therefore, the Court will **DENY** Plaintiff Philippe Avajon's Motion for Reconsideration. (Doc. No. 28).

**SO ORDERED**.

s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: January 2, 2008

                         CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 2, 2008.


                                            s/Denise Goodine
                                            Case Manager